IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE MARTIN, H-90626,                    )
                                           )
                Plaintiff(s),              )        No. C 12-3193 CRB (PR)
                                           )
        vs.                                )        ORDER OF DISMISSAL WITH
                                           )        LEAVE TO AMEND
A. HEDGPETH, et al.,                       )
                                           )
                Defendant(s).              )
_____           )

        Plaintiff, a state prisoner at Salinas Valley State Prison (SVSP), has filed a

pro se complaint under 42 U.S.C. § 1983 claiming deliberate indifference to his

medical needs.  In a nutshell, plaintiff lists and takes issue with virtually every

interaction he has had with SVSP doctors and medical staff since May 2006.

                                **DISCUSSION**

A.      Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.    <u>Legal Claims</u>

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing <u>Estelle</u>, 429 U.S. at 104), <u>overruled in part on other grounds by</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  <u>Id.</u> at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  <u>Id.</u> at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care."  <u>Estelle</u>, 429 U.S. at 104-05.

2

1    Plaintiff's allegations will be dismissed with leave to amend to set forth

2    specific facts showing how each named defendant was deliberately indifferent to

3    plaintiff's serious medical needs, if possible. Plaintiff must also link each named

4    defendant with his allegations of wrongdoing so as to show how each defendant

5    actually and proximately caused the deprivation of his federal rights of which he

6    complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A prison

7    official cannot be liable for damages under § 1983 simply because he is

8    responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d

9    1040, 1045 (9th Cir. 1989).

10                              **CONCLUSION**

11    For the foregoing reasons, the complaint is dismissed with leave to amend,

12    as indicated above, within 30 days of this order. The pleading must be simple

13    and concise and must include the caption and civil case number used in this order

14    and the words FIRST AMENDED COMPLAINT on the first page. Failure to

15    file a proper amended complaint within the designated time will result in the

16    dismissal of this action.

17    Plaintiff is advised that the amended complaint will supersede the original

18    complaint and all other pleadings. Claims and defendants not included in the

19    amended complaint will not be considered by the court. See King v. Atiyeh, 814

20    F.2d 565, 567 (9th Cir. 1987).

21    SO ORDERED.

22    DATED:  Dec. 14, 2012

23                              CHARLES R. BREYER
                                United States District Judge

24

25

26    G:\PRO-SE\CRB\CR.12\Martin, G.12-3193.dwlta.wpd

27

28                              3