1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    GEORGE MARTIN, H-90626,            )     No. C 12-3193 CRB (PR)
                                        )
9                 Plaintiff(s),         )     ORDER REGARDING
                                        )     DEFENDANTS' MOTION TO
10         vs.                          )     DISMISS AND MOTION FOR
                                        )     SUMMARY JUDGMENT,
11   A. HEDGPETH, Warden, et al.,       )     AND PLAINTIFF'S MOTION
                                        )     FOR PRELIMINARY RELIEF
12                Defendant(s).         )
                                        )     (Dkt. #51, 61 & 83)
13   _____)

14                          **INTRODUCTION**

15          Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), filed a pro se

16   First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging a

17   host of grievances against medical personnel at SVSP.  Among other things,

18   plaintiff alleges that defendants deprived him of adequate treatment for

19   hypertension and gastroesophageal reflux disease (GERD), and improperly

20   cancelled various ADA and medical accommodations.  Plaintiff claims that

21   defendants' actions and omissions amount to deliberate indifference to serious

22   medical needs under § 1983 and assault and battery under California law.

23          Per order filed on June 13, 2013, the Court found that, liberally construed,

24   plaintiff's allegations appear to state a cognizable § 1983 claim for deliberate

25   indifference to serious medical needs against the following SVSP defendants:

26   Doctors Michael C. Sepulveda, Richard B. Mack, Kim Kumar, Darren Bright and

27   Sammit Reed, and Nurse Eric Golden.  The Court also found that plaintiff's

28   allegations appear to state a cognizable California state law claim for medical

negligence against the same defendants pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and ordered the U.S. Marshal to serve them.

Defendants Sepulveda, Mack, Kumar and Reed (Defendants)[1] move to dismiss some of plaintiff's alleged medical grievances under Federal Rule of Civil Procedure 12(b)(6) on the grounds that they fail to state a claim for deliberate indifference to serious medical needs under § 1983 and that defendants are entitled to qualified immunity. Defendants also argue that plaintiff's state law medical negligence claim must be dismissed as to all alleged medical grievances for failure to comply with the California Tort Claims Act. Defendants move for summary judgment under Rule 56 on plaintiff's remaining § 1983 medical grievances on the ground that plaintiff failed to properly exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995 (PLRA).[2] Plaintiff filed an opposition, and defendants filed a reply.

Plaintiff moves for preliminary injunctive relief, asking the Court to prohibit defendants from "withholding effective pain . . . medication" by requiring him to take medications in "crush and float" form, to transfer plaintiff to a medical facility, to prohibit defendants from making erroneous medical judgments, to transfer plaintiff to a single cell, and to order defendants to provide plaintiff with a CAT scan. Dkt. #51 at 1-2. Defendants filed an opposition. Plaintiff did not file a reply, but addressed the opposition in his other filings.

---

[1]Defendants S. Reed and E. Golden have not been served because the U.S. Marshal was not able to locate them. See Dkt. #23 & 24.

[2]Although defendants initially moved to dismiss for nonexhaustion in an unenumerated Rule 12(b) motion, the Court granted their request to convert said motion to a motion for summary judgment under Rule 56, as required by the Ninth Circuit's recent en banc opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). See Dkt. #80 at 1-2.

**BACKGROUND**

The allegations in plaintiff's FAC can be grouped into eleven separate medical grievances:

      1.     Denial of Effective Eye Wear

Plaintiff alleges that defendants have deprived him of effective eye wear since 2009 and, as a result, his vision has drastically worsened.  FAC ¶ 24.

      2.     Denial of Delivery of Pain Medication to Plaintiff's Cell

Plaintiff alleges that Dr. Mack cancelled delivery of pain medications to his cell.  Id. ¶ 28.

      3.     Denial of Single Cell Status

Plaintiff alleges that Dr. Sepulveda denied him single cell status after another doctor recommended that plaintiff be placed in a single cell to avoid confrontations with other inmates.  Id. ¶ 18.

      4.     Denial of CAT Scan

Plaintiff alleges that Dr. Sepulveda denied him a CAT scan after it was recommended by another doctor.  Id. ¶ 16.

      5.     Denial of Transfer to a Medical Facility

Plaintiff alleges that Dr. Sepulveda denied another doctor's recommendation to transfer plaintiff to a medical facility for a "higher level of care."  Id. ¶ 20.

      6.     Denial of Adequate Hypertension Medication

Plaintiff alleges that Dr. Mack denied him adequate hypertension medication by prescribing plaintiff medication that he could not take due to a past adverse reaction and side effects.  Id. ¶ 6.

      7.     Denial of Pain Medication

Plaintiff alleges that Dr. Mack cancelled all of his pain medications

on December 29, 2011.  Id. ¶ 29.

   8. Denial of Cell Feeding

    Plaintiff alleges that at different times Drs. Mack, Sepulveda, Bright and Kumar denied him cell-front feeding of his meals.  Id. ¶¶ 15, 19, 28.

   9. Denial of Adequate GERD Medication

    Plaintiff alleges that he was denied adequate medication to treat his GERD.  Id. ¶ 15.

   10. Prescription for Crushed Form of Medication

    Plaintiff alleges that Dr. Kumar allowed Dr. Mack to prescribe medications for plaintiff to be administered in a "crushed" form rather than in a pill form, although crushed medications have caused plaintiff problems in the past and are not as effective as in pill form.  Id. ¶ 25.

   11. Cancellation of ADA and Medical Accommodations (Chronos)

    Plaintiff alleges that in January 2010, Drs. Sepulveda and Bright arbitrarily cancelled all of plaintiff's ADA and medical chronos, including chronos for "ADA shower," "ADA laundry exchange," "ADA and medically needed cell-feeding," "ADA dietary recommendation," "ADA tens unit supplies," "ADA conservative back brace," and "ADA wheelchair lift."  Id. ¶ 19.

**MOTION TO DISMISS**

  Defendants move to dismiss the first eight of plaintiff's eleven alleged medical grievances under Rule 12(b)(6) on the grounds that they fail to state a claim for deliberate indifference under § 1983 and that defendants are entitled to qualified immunity.  They also move to dismiss plaintiff's state law medical negligence claim as to all eleven alleged medical grievances for failure to comply with the California Tort Claims Act.  Defendants further move to dismiss plaintiff's official capacity and punitive damages claims.

A.      Standard of Review

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 570.

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The court may also take judicial notice of facts that are not subject to reasonable dispute.  Id.

B.      Analysis

        1.      Failure to State Deliberate Indifference Claim under § 1983

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the

1   "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

2   1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on

3   other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th

4   Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows

5   that a prisoner faces a substantial risk of serious harm and disregards that risk by

6   failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837

7   (1994).

8       Negligence alone does not warrant liability under the Eighth Amendment.

9   Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he

10  should have perceived but did not . . . cannot under our cases be condemned as

11  the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must

12  have been 'wanton,' which turns not upon its effect on the prisoner, but rather,

13  upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128

14  (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison

15  officials violate their constitutional obligation by "intentionally denying or

16  delaying access to medical care."  Estelle, 429 U.S. at 104-05.

17      A difference of opinion between a prisoner-patient and prison medical

18  authorities regarding treatment does not give rise to a § 1983 claim.  Franklin v.

19  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing

20  more than a difference of medical opinion as to the need to pursue one course of

21  treatment over another is generally insufficient to establish deliberate

22  indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).

23      In order to establish a claim for damages against an individual prison

24  official under § 1983, a plaintiff must set forth facts showing that the specific

25  prison official's deliberate indifference was the "actual and proximate cause" of

26  the deprivation of plaintiff's Eighth Amendment rights.  Leer v. Murphy, 844

27

28                                        6

1    F.2d 628, 634 (9th Cir. 1988).

2                            a.    Denial of effective eye wear

3                            Plaintiff alleges that defendants deprived him of "effective

4    eye wear for over five years" and, as a result, his "vision has drastically

5    worsened." FAC ¶ 24. Plaintiff specifically adds that in January 2010 Drs.

6    Sepulveda and Bright denied him necessary eye glasses, and that in 2011 Dr.

7    Kumar did the same. Id. ¶¶ 19, 21. Contrary to defendants' assertions, plaintiff

8    states a § 1983 claim for deliberate indifference to serious medical needs based

9    on his allegations that defendants' failure to provide him with necessary eye

10    glasses caused his vision to worsen. See McGuckin, 974 F.2d at 1059.

11    Although plaintiff sets forth minimal facts, those facts are "enough to raise a right

12    to relief above the speculative level." Twombly, 550 U.S. at 555. Plaintiff will

13    need to set forth more specific facts to defeat a motion for summary judgment

14    and proceed to trial on his claim of deprivation of effective eye wear, but at this

15    stage in the proceedings his brief allegations are enough to survive dismissal for

16    failure to state a claim. And for essentially the same reasons, dismissal on the

17    basis of qualified immunity would be premature at this stage in the proceedings.

18    Cf. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (defense of qualified

19    immunity protects "government officials . . . from liability for civil damages

20    insofar as their conduct does not violate clearly established statutory or

21    constitutional rights of which a reasonable person would have known").

22                            b.    Denial of delivery of pain medication to plaintiff's cell

23                            Plaintiff alleges that on November 17, 2011, Nurse Golden

24    would not deliver pain medications to plaintiff's cell because Dr. Mack cancelled

25    the delivery on account of plaintiff not being able to get up "fast enough to get

26    the meds." FAC ¶ 28. Although it clearly is more convenient for plaintiff to

27

28                                                    7

have medications brought to his cell than to have to get them from the infirmary or "pill line," as most other inmates do, there is no indication whatsoever that delivery of medication to plaintiff's cell was medically necessary.  Dr. Mack's decision to cancel delivery of pain medication to plaintiff's cell on account of plaintiff's slow response time may amount to a medical negligence claim, but it does not amount to a deliberate indifference to serious medical needs claim under § 1983.  See Frost, 152 F.3d at 1130 (delays in administering pain medication did not amount to more than negligence not cognizable under § 1983).

c.   Denial of single cell status

Plaintiff alleges that Dr. Sepulveda denied him single cell status after another doctor recommended that plaintiff be placed in a single cell to avoid confrontations with other inmates.  FAC ¶ 18.  Plaintiff adds that this allowed "custody management personnel to continue . . . to set up [] cell fights" between plaintiff and other inmates.  Id.  To be sure, plaintiff's suggestion that custody staff set up cell fights between plaintiff and his cell mates could state a possible claim for deliberate indifference to safety under § 1983 against custody personnel.  See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).  But plaintiff has not named any custody personnel as defendants in this suit and only seeks damages from Dr. Sepulveda for his not approving another doctor's "medical" recommendation to grant plaintiff single cell status.  Unfortunately for plaintiff, Dr. Sepulveda's denial of another doctor's recommendation that plaintiff be granted single cell status amounts to no more than a difference of medical opinion insufficient to establish deliberate indifference to serious medical needs.  See Toguchi, 391 F.3d at 1059-60.  After all, there is no indication whatsoever that single cell status was medically necessary for plaintiff.  Plaintiff at most states a medical negligence claim against Dr. Sepulveda not

8

1    cognizable under § 1983.  See Farmer, 511 U.S. at 835-36 & n4.

2            d.    Denial of CAT Scan

3            Plaintiff alleges that Dr. Sepulveda denied him a CAT scan

4    of his "thoracic spine" recommended by another doctor.  FAC ¶ 16.  But a mere

5    difference of medical opinion as to whether a CAT scan was in order is not

6    enough to establish deliberate indifference to serious medical needs.  See

7    Toguchi, 391 F.3d at 1059-60.  This is especially true where, as here, the

8    difference of medical opinion appears to be over which of several diagnostic

9    tools should be used.  Plaintiff at most states a medical negligence claim against

10   Dr. Sepulveda not cognizable under § 1983.  See id. at 1060-61.

11           e.    Denial of transfer to a medical facility

12           Plaintiff alleges that Dr. Sepulveda denied another doctor's

13   recommendation that plaintiff "be transferred to a medical facility for a higher

14   level of care."  FAC ¶ 20.  But again, a mere difference of medical opinion as to

15   whether a transfer to a medical facility was necessary is not enough to establish

16   deliberate indifference to serious medical needs.  See Toguchi, 391 F.3d at 1059-

17   60.  While plaintiff could receive a higher level of care at a medical facility, there

18   is no indication whatsoever that plaintiff cannot receive adequate medical care at

19   SVSP.  Plaintiff's own exhibits show that his incessant requests for medical care

20   are promptly and thoroughly addressed at SVSP.  See FAC, Ex. A; Pl.'s Opp'n

21   (dkt. #84), Exs. B, C, D.  Plaintiff at most states a medical negligence claim not

22   cognizable under § 1983.  See Toguchi, 391 F.3d at 1060-61.

23           f.    Denial of adequate hypertension medication

24           Plaintiff alleges that Dr. Mack was deliberately indifferent to

25   plaintiff's serious medical needs when he prescribed him medication that

26   plaintiff's cardiologist had documented plaintiff could not take due to "severe

27

28                                    9

adverse reaction" and "past side effects."  FAC ¶ 6.  Plaintiff adds that the cardiologist specifically noted that plaintiff should be placed on "Clonidine patch" or an "alternative to the orange pills" because plaintiff had "suffered [a] severe adverse reaction to [the orange pills] in the past."  Id.  But Dr. Mack prescribed plaintiff the orange pills nonetheless and plaintiff ended up in the "emergency room" as a result.  Id. ¶ 12.

Plaintiff's allegations are sufficient to state a § 1983 claim for deliberate indifference to serious medical needs against Dr. Mack because they permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The allegations are sufficient for the court to draw the reasonable inference that Dr. Mack knew that the "orange pills" might cause plaintiff harm and yet prescribed them.  See Farmer, 511 U.S. at 837 (deliberate indifference requires that defendant know that prisoner faces substantial risk of serious harm and disregard that risk by failing to take reasonable steps to abate it).  This is not to say that plaintiff's allegations are true, but only that accepting them as true, as we must at this stage in the proceedings, they are enough to survive a motion to dismiss for failure to state a claim and on the basis of qualified immunity.  Plaintiff will need to set forth more specific facts to defeat a motion for summary judgment and proceed to trial on his claim of denial of adequate hypertension medication.

g.    Denial of pain medication

Plaintiff alleges that Dr. Mack improperly cancelled "all my pain meds" on December 29, 2011.  FAC ¶ 29.  Defendants argue that plaintiff fails to allege any facts linking any other doctor defendant to the cancellation of plaintiff's pain medication.  The Court agrees and finds that plaintiff states no claim regarding denial of pain medication as to any defendant other than Dr.

Mack.  But as to Dr. Mack, plaintiff's brief allegation is sufficient to state a claim

for deliberate indifference to serious medical needs under § 1983 because, read in

the context of the rest of the FAC, the allegation is sufficient for the Court to

draw the reasonable inference that Dr. Mack cancelled all of plaintiff's pain

medications despite knowing that he needed some form of pain medication.  See

Farmer, 511 U.S. at 837.  Again, this is not to say that plaintiff's allegations are

true, but only that accepting them as true, as we must at this stage in the

proceedings, they are enough to survive a motion to dismiss for failure to state a

claim and on the basis of qualified immunity as to Dr. Mack.  Plaintiff will need

to set forth more specific facts to defeat a motion for summary judgment and

proceed to trial on his claim of denial of pain medication against Dr. Mack.

> h.   Denial of cell feeding

Plaintiff alleges that at different times defendant doctors

have denied his requests for cell-front feeding, i.e., that his food be delivered to

his cell.  FAC ¶¶ 15, 19, 28.  Although it must be more convenient for plaintiff to

have his meals delivered to his cell than to have to go eat them in the dining hall,

as most other inmates do, there is no indication whatsoever that delivery of

plaintiff's meals to his cell was medically necessary.  Plaintiff's mere

disagreement with "prison medical authorities regarding [medical

accommodations] does not give rise to a § 1983 claim." Franklin, 662 F.2d at

1344.

In sum, defendants' motion to dismiss for failure to state a deliberate

indifference to serious medical needs claim under § 1983 is granted as to the

following medical grievances – denial of delivery of pain medication to

plaintiff's cell, denial of single cell status, denial of CAT scan, denial of transfer

to a medical facility, denial of pain medication as to all defendants other than Dr.

Mack and denial of cell feeding – and denied as to the following grievances –
denial of effective eye wear, denial of adequate hypertension medication and
denial of pain medication as to Dr. Mack.

      2.      <u>Failure to Comply with California Tort Claims Act</u>

      Defendants move to dismiss plaintiff's state law medical
negligence claim as to all eleven alleged medical grievances for failure to comply
with the California Tort Claims Act and file a claim with the California Victim's
Compensation Government Claim Board (VCGCB).  Under California law, the
filing of a tort claim in the time and manner prescribed by state law is a
prerequisite to the filing of a lawsuit against any state employee or entity.  Cal.
Gov. Code §§ 905.2, 911.2, 945.4, 950.2; <u>Munoz v. California</u>, 33 Cal. App. 4th
1767, 1776 (1995).  The California Tort Claims Act provides the requisites for
the filing of a tort claim against state employees and entities.  Under the Tort
Claims Act, a tort claim against a state employee or entity must be presented to
the VCGCB within six months of the accrual of the cause of action.  <u>See</u> Cal.
Gov. Code § 911.2.  Timely claim presentation is not merely a procedural
requirement but "a condition precedent to plaintiff's maintaining an action
against [a state employee or entity] defendant."  <u>California v. Super. Ct. (Bodde)</u>,
32 Cal. 4th 1234, 1240 (2004).  Failure to file a timely claim with the VCGCB is
fatal to a cause of action for negligence or other state tort.  <u>See</u> <u>Hacienda La
Puente Unified Sch. Dist. of Los Angeles v. Honig</u>, 976 F.2d 487, 495 (9th Cir.
1992) (citing <u>City of San Jose v. Super. Ct. (Lands Unlimited)</u>, 12 Cal. 3d 447,
454 (1974)).

      The Court takes judicial notice that an authorized custodian of records for
the VCGCB conducted a search of the VCGCB's records from February 2007
through December 2013 and found that plaintiff never filed a claim related to his

instant causes of action against defendants.  Req. for Judicial Notice (dkt. #63) at 2.  See Marsh v. San Diego County, 432 F. Supp. 2d 1035, 1043-44 (S.D. Cal. 2006) (courts may take judicial notice of records and reports of administrative bodies, including the VCGCB).  In response, plaintiff briefly states that he "filed a tort complaint with the medical board" and includes a response letter from the Medical Board of California stating that it "is only authorized to take action against those individuals licensed by the Medical Board of California."  Pl.'s Opp'n ¶ 6; Ex. B7.  Although plaintiff filed a claim with the Medical Board of California, he did not file a claim with the VCGCB as required by California law. Plaintiff's state law medical negligence claim as to all alleged medical grievances must be dismissed.  See United States v. California, 655 F.2d 914, 918 (9th Cir. 1980) (state tort claim not presented in accordance with California Tort Claims Act barred from consideration in federal action).

   3. <u>Official Capacity and Punitive Damages Claims</u>

   Defendants seek dismissal of plaintiff's § 1983 damages claim against them in their official capacities and of plaintiff's § 1983 claim for punitive damages.  Dismissal is in order as to both § 1983 damages claims.

  It is well established that, absent consent, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens or citizens of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). This immunity extends to suits against state officials sued in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985).  Here, because neither California nor defendants have consented to the suit, plaintiff's § 1983 damages claims against defendants in their official capacities are barred by the Eleventh Amendment.  See id.  The Eleventh Amendment does not bar plaintiff from seeking damages under §1983 against defendants in their

individual capacities or from seeking prospective relief under § 1983 from them in their official capacities, however.  See id. at 167 n.14; Ex parte Young, 209 U.S. 123, 159-60 (1908).

Punitive damages may be awarded in a § 1983 suit only "when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).  There is no indication whatsoever that any of defendants's alleged wrongdoing rose to this requisite high level of culpability.

## MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment under Rule 56 on the last three of plaintiff's eleven alleged medical grievances on the ground that plaintiff failed to properly exhaust available administrative remedies as required by the PLRA.

A.    Standard of Review

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56.  Id. at 1168.  The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust.  See id. at 1172.  If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  Id.

14

B.     Analysis

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

The California Department of Corrections and Rehabilitation (CDCR) provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them the right to file appeals alleging misconduct by correctional officers and/or officials.  Id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal

15

filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee.  Id. § 3084.5.  A prisoner exhausts the appeal process when he completes the third level of review.  Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

Defendants properly raise nonexhaustion in a motion for summary judgment and argue that CDCR records show that plaintiff did not exhaust available administrative remedies as to the last three of his eleven medical grievances: (1) denial of adequate GERD medication, (2) prescription for crushed form of medication, and (3) cancellation of ADA and medical chronos.  In support, defendants submit declarations from two CDCR appeal process employees, along with extensive records from the administrative appeals process, corroborating their claim of nonexhaustion.  See Decl. of J. Zamora (dkt. #61-1); Decl. of L.D. Zamora (dkt. #61-8).

Defendants have met their burden of showing that there was an available administrative remedy as to the three medical grievances above and that plaintiff did not exhaust that remedy.  See Albino, 747 F.3d at 1172.  The burden now shifts to plaintiff to demonstrate that the administrative remedy was unavailable to him.  See id.  But plaintiff makes no such showing.  In fact, the Court has found no evidence in plaintiff's voluminous filings that even suggests that plaintiff properly exhausted available administrative remedies as to the three medical grievances at issue or that administrative remedies were unavailable to him.  Under the circumstances, defendants are entitled to summary judgment on their claim that plaintiff failed to exhaust available administrative remedies as to the following three medical grievances: (1) denial of adequate GERD medication, (2) prescription for crushed form of medication, and (3) cancellation of ADA and medical chronos  See id. at 1166 (if undisputed evidence viewed in light most

favorable to prisoner shows failure to exhaust, defendant is entitled to summary judgment).

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff moves for a preliminary injunction prohibiting defendants from requiring him to take medications in "crush and float" form, which he claims renders his medications ineffective, and from making improper medical judgments about his conditions.  He also asks the Court to provide him with a CAT scan, single cell status and a transfer to a medical facility.

A.   Standard of Review

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Where a movant fails to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury.  Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009).

B.   Analysis

Plaintiff does not establish that he is likely to succeed on the merits on the underlying claims to his motion for preliminary injunctive relief – prescription for crushed form of medication, denial of CAT scan, denial of single cell status, and denial of transfer to a medical facility.  All of these claims were addressed in connection with defendants' motion to dismiss and motion for summary judgment above and none survived.  Plaintiff's remaining claim in this action is a § 1983 claim for deliberate indifference to serious medical needs based on the following three medical grievances – denial of effective eye wear, denial of

adequate hypertension medication and denial of pain medication by Dr. Mack.  A preliminary injunction prohibiting defendants from prescribing plaintiff medication in crushed and float form, and compelling defendants to grant plaintiff a CAT scan, single cell status and a transfer to a medical facility, must be denied for lack of showing of likelihood of success on the merits.  See Guzman, 552 F.3d at 948.

A preliminary injunction prohibiting defendants from making improper medical judgments about plaintiff's medical conditions is not in order either.  Although plaintiff takes issue with many of the medical judgments made by his medical providers, he sets forth no specific facts or evidence showing that those judgments were medically unacceptable under the circumstances and that they were made in conscious disregard of an excessive risk to plaintiff's health.  Cf. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Defendants on the other hand have set forth evidence, including declarations and medical records, showing that plaintiff has received extensive medical care at SVSP despite his refusal to undergo diagnostic examinations prior to surgery and to take prescribed medications.  See generally Dunlap Decl. (dkt. #66).  Plaintiff also fails to show how, without a court-ordered injunction, defendants' medical judgments will result in his suffering irreparable injury.  A preliminary injunction prohibiting defendants from making improper medical judgments about plaintiff's medical conditions must be denied.  See Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (emphasis in

original) (citation omitted).[3]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and motion for summary judgment (docket #61) is GRANTED IN PART AND DENIED IN PART.  The motion to dismiss for failure to state a deliberate indifference to serious medical needs claim under § 1983 is granted as to the following medical grievances – denial of delivery of pain medication to plaintiff's cell, denial of single cell status, denial of CAT scan, denial of transfer to a medical facility, denial of pain medication as to all defendants other than Dr. Mack and denial of cell feeding – and denied as to the following medical grievances – denial of effective eye wear, denial of adequate hypertension medication and denial of pain medication as to Dr. Mack.  The motion to dismiss is also granted as to plaintiff's state law medical negligence claim for failure to comply with the California Tort Claims Act, and as to plaintiff's § 1983 damages claim against defendants in their official capacities and plaintiff's § 1983 claim for punitive damages.  The motion for summary judgment for failure to exhaust available administrative remedies as to plaintiff's last three medical grievances – denial of adequate GERD medication, prescription for crushed form of medication and cancellation of ADA and medical chronos – is granted.

Plaintiff's motion for preliminary injunctive relief (dkt. #51) and motion for recusal of the state attorney general's office (dk. #83) are DENIED.

This action will proceed as to plaintiff's § 1983 deliberate indifference to serious medical needs claim based on the following three medical grievances – denial of effective eye wear, denial of adequate hypertension medication and

---

[3]Plaintiff's motion to recuse the state attorney general's office is denied as baseless.

19

denial of pain medication as to Dr. Mack – only.  In order to expedite this matter, defendants shall file a motion for summary judgment on the remaining § 1983 claims within sixty days of this order.  Plaintiff shall file an opposition or notice of non-opposition within twenty-eight days of the date the motion is filed, and defendants shall file a reply to any opposition within fourteen days thereafter.

The clerk shall terminate the motions in docket numbers 51, 61 and 83.

SO ORDERED.

DATED:  Aug.6, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Martin, G.12-3193.mtd-msj.final.wpd