IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN, H-90626, | ) |
| Plaintiff(s), | ) No. C 12-3193 CRB (PR) |
| vs. | ) ORDER DENYING SECOND MOTION FOR RECONSIDERATION |
| A. HEDGPETH, Warden, et al., | ) |
| Defendant(s). | ) (Dkt. #137 & 148) |

On May 14, 2015, the court granted summary judgment in favor of defendants on plaintiff's three remaining Eighth Amendment medical claims – denial of adequate hypertension medicine, denial of morning pain medication on December 29, 2011 and denial of effective eye wear – and judgment was entered. After reviewing the papers and evidence submitted by plaintiff and defendants, the court found that no reasonable jury could find that defendants were deliberately indifferent to plaintiff's serious medical needs and that defendants were entitled to qualified immunity because a reasonable doctor could have believed that his conduct was lawful under the circumstances.

On June 5, 2015, plaintiff filed a motion for reconsideration of the court's May 14, 2015 order. The court directed defendants to respond and, after reviewing the parties' submissions, denied

the motion on June 24, 2015. The court specifically noted that motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. <u>See</u> June 24, 2015 Order at 1 (citing <u>Twentieth Century - Foc Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981)).

On August 24, 2015, plaintiff filed a motion for an extension of time to file a notice of appeal, claiming that he had not received a copy of the court's June 24, 2015 order denying his motion for reconsideration until August 4, 2015. On September 2, 2015, the court granted plaintiff's motion and advised him that he could "file a notice of appeal within fourteen (14) days of the date of this order. <u>See</u> Fed. R. App. P. 4(a)(5)."

On October 2, 2015, plaintiff instead filed a second motion for reconsideration of the court's May 14, 2015 order granting defendants' motion for summary judgment claiming "newly discovered evidence." The court directed defendants to respond by no later than October 16, 2015, which they did. But plaintiff replied that he could not read defendants' response due to his visual impairment and asked that the response be sent to him in a larger type size. On November 4, 2015, the court ordered defendants to serve plaintiff with a new copy of their response using Times New Roman type size 16, as the court is using in this order, within seven days. Defendants complied and, after some not unexpected delay from plaintiff, plaintiff filed several related and unrelated pleadings to his second motion for reconsideration.

Plaintiff's second motion for reconsideration (dkt. # 137) of

the court's May 14, 2015 order granting defendants' motion for summary judgment is DENIED. Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). But plaintiff does not show why the proffered new evidence could not have been discovered and presented before the court's May 14, 2015 decision or, if it somehow could be considered by the court, why it would compel a different result. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (reconsideration is not a vehicle for rehash arguments previously presented or to raise arguments or present evidence that could have been raised earlier). There simply is no showing that the evidence plaintiff has set forth at this late hour may be considered by the court and would preclude defendants of summary judgment and qualified immunity.

      The clerk is instructed to terminate all pending motions as moot (see dkt. #148) and close the file. No further motions for reconsideration will be entertained in this matter.

SO ORDERED.

DATED:  Dec. 22, 2015  

CHARLES R. BREYER  
United States District Judge

G:\PRO-SE\CRB\CR.12\Martin, G.12-3193.deny_2d_recon.wpd

4